IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE:                              )
                                    )
PATRICIA ANN DE LA ROCHA            )    CASE No. 05-75803
                                    )
       Debtor.                      )    CHAPTER 13
_____

**MEMORANDUM DECISION**

The matter before the Court is the Debtor's motion requesting that the court waive the requirement of consumer credit counseling prior to the filing of her bankruptcy petition. On December 5, 2005, the Court took the matter under advisement, with the Debtor permitted to file written argument within two weeks. Debtor's counsel did submit a brief in support of her position. The matter is now ready for decision by this Court.

After due consideration of the facts and circumstances of this case and the applicable law, the Court concludes that the Debtor's case should be dismissed without prejudice.

FINDINGS OF FACT

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 31, 2005. On the petition, the Debtor checked the box requesting a waiver of the credit counseling requirement based on exigent circumstances. On that same day, the Debtor filed a Motion which stated: "The debtor has not completed a credit counseling course although she was directed to do so. The counseling was not completed because there is insufficient time to complete the class. The class is scheduled for November 7, 2005." The Debtor's motion also stated that she had to file an emergency petition as a foreclosure of her

home was scheduled for November 1, 2005.  The Debtor also filed an Affidavit which states: "I have not completed a credit counseling course although I was directed to do so because there is insufficient time to complete the class. The class is scheduled for November 7, 2005."  The motion requested the court to enter an order requiring the debtor to complete the required counseling within 30 days.  On November 3, 2005, the Clerk of the Bankruptcy Court issued a notice to all parties in interest that a hearing would be held on December 5, 2005 "for debtor to appear for failure to receive credit counseling pursuant to 11 U.S.C. Section 109 & 521 of the Bankruptcy Code."  On November 21, 2005, the Debtor filed a Certificate of Credit Counseling, which stated that the Debtor received counseling from an approved agency on November 7, 2005.  On January 12, 2006, the Debtor filed an amended affidavit which states the following:

> 7.  I need to file the emergency petition because a foreclosure has been secheduled [sic] for November 1, 2005.
>
> 8. I have not completed a credit counseling course although I was directed to do so because there is insufficient time to complete the class.  The class is scheduled for November 7, 2005. I was unable to obtain the counseling prior to November 7, 2005 although an appointment was offered to me prior to November 7, 2005 which turned out to be unavailable due to my schedule.

(Am. Aff. Jan. 12, 2006.)  The Affidavit does not state when the debtor requested counseling, however, the Debtor's brief states that the Debtor requested credit counseling on October 29, 2005.  Debtor's counsel was advised by the Court that the revised affidavit was inadequate and was offered an opportunity to file a second amended certificate.  However, no further affidavit was filed nor was any request made for a period of time to permit such to be done.

CONCLUSIONS OF LAW

2

Jurisdiction

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984.  This is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A).

Dismissal under 11 U.S.C. § 109(h)

Because this case was filed after October 17, 2005, it is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L 109-8, 119 Stat. 23 (April 20, 2005).  Under this law, an individual may not be a debtor unless, during the 180-day period preceding the date of filing of the petition, he or she received from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.  11 U.S.C. § 109(h)(1).  The requirement may be deferred with respect to a debtor who submits to the court a certification that

>   (i) describes exigent circumstances that merit a waiver of the requirement of paragraph (1);
> 
>   (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
> 
>   (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A).  All of these three conditions must be satisfied.

The Debtor's petition was filed on October 31, 2005.  The Debtor filed a motion

stating that she had not completed a credit counseling course, but the class was scheduled for November 7, 2005.  The Debtor actually received counseling from an approved agency on November 7, 2005.  The Debtor's affidavit states only that the class was scheduled for November 7, that counseling was unavailable prior to November 7 although an appointment was offered to her prior to that which "turned out to be unavailable due to my schedule."

        Section 109(h) is clear that in the absence of credit counseling in the 180 days preceding the filing, or a statement, not only of exigent circumstances, but also that the debtor attempted but was unable to obtain counseling within five days of the request, the certification is insufficient, leaving the court with no choice but to dismiss the case.  *In re Louredo*, No.05-15846-SSM, slip op. at 1-2 (Bankr. E.D. Va., November 16, 2005) (citing *In re Watson*, No. 05-77864-DHA (Bankr. E.D.Va., November 3, 2005)).  "Congress clearly intended, except in specific limited circumstances, that credit counseling <u>precede</u> a bankruptcy filing precisely so that persons considering a bankruptcy filing could be informed about, and have an opportunity to consider, alternatives to bankruptcy."  *Id*. at 2*.*  In the instant case, the Debtor failed to show that she requested counseling before the petition was filed and that it was unavailable within five days of making the request.  Therefore, the Court does not approve the debtor's certification of exigent circumstances and the Debtor's case must be dismissed.

## CONCLUSION

        Based upon the above authorities, the Court concludes that the Debtor's case must be dismissed without prejudice.  An order to such effect will be entered contemporaneously with the signing of this Decision.  The Clerk is requested to send a copy of this Memorandum

Decision to each of the following: the Debtor, Debtor's Counsel, the Trustee, and the Office of the United States Trustee.

This 26th day of January, 2006.

*William F. Stone, Jr.*

UNITED STATES BANKRUPTCY JUDGE